UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN SCHOFIELD, | ) | |
| | ) | 2:06-cv-0117-GEB-GGH |
| Plaintiff, | ) | |
| | ) | <u>ORDER TO SHOW CAUSE</u> |
| v. | ) | <u>AND CONTINUING STATUS</u> |
| | ) | <u>(PRETRIAL SCHEDULING)</u> |
| METROPOLITAN LIFE INSURANCE CO.; | ) | <u>CONFERENCE</u> |
| KAISER FOUNDATION HEALTH PLAN, | ) | |
| INC.; KAISER PERMANENTE FLEXIBLE | ) | |
| BENEFITS PLAN; and DOES 4-100, | ) | |
| | ) | |
| Defendants. | ) | |

        The January 18, 2006, Order Setting Status (Pretrial Scheduling) Conference ("January 18 Order") scheduled a status conference in this case for April 17, 2006, and required the parties to file a joint status report ("JSR") no later than fourteen days prior to the scheduling conference.  The January 18 Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  The parties filed an untimely JSR on

---

    [1]    As the Order states:

(continued...)

1

April 6, 2006.

Each party is Ordered to Show Cause (OSC) no later than 4:00 p.m. on April 24, 2006, why sanctions should not be imposed against counsel and/or the parties for the failure to file a timely status report under Rule 16(f) of the Federal Rules of Civil Procedure.  The written response shall also state whether counsel or the parties are at fault and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on June 19, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

In accordance with the requirements set forth in the January 18 Order, the parties shall file a JSR no later than June 5, 2006.

IT IS SO ORDERED.

Dated:  April 10, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

January 18 Order at 2 n.1.

[2]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).