IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN SCHOFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-00117-GEB-GGH |
| | ) | |
| v. | ) | TENTATIVE RULING ISSUED |
| | ) | IN ADVANCE OF FEBRUARY 9, |
| METROPOLITAN LIFE INSURANCE | ) | 2009 HEARING |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        The hearing on the Ninth Circuit's remand order, in which
the Ninth Circuit reversed entry of summary judgment in favor of
Defendants in this Employee Retirement Income Securities Act ("ERISA")
action, was held February 9, 2009.  The Ninth Circuit held Plaintiff
Schofield prevails on her claim for long term disability ("LTD")
benefits under the applicable ERISA plan ("the Plan"), since "the
terms of the plan [required] [Defendant Metropolitan Life Insurance
Co. ("MetLife")] . . . to determine whether Schofield was able to earn
more than 80% of her predisability earnings at her 'Own Occupation.'"

        Schofield's "occupation was acknowledged . . . to be a
Certified Registered Nurse Anesthetist (CRNA)."  Since "[a]n
independent physician hired by MetLife reviewed [Schofield's] records

1

and concluded . . . she could not perform her job as a CRNA," MetLife was required "to follow the Plan definition of 'Own Occupation'" when determining whether Schofield was entitled to LTD benefits.  However, "MetLife failed to follow the Plan definition of 'Own Occupation' when it found the medical records supported the conclusion that Schofield could perform 'more-sedentary nursing duties that fall within the category of her Own Occupation.'"

The terms of the LTD Plan explain "Disabled": "'Disabled' or 'Disability' means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and, (1) during your Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or (2) after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings."  The Ninth Circuit held "MetLife incorrectly applied the 80% earnings test," stating, "[t]he Plan's definition of 'disability' required MetLife to determine whether Schofield was able to earn more than 80% of her predisability earnings, and MetLife did not follow this definition."

Therefore, the Ninth Circuit concluded MetLife abused its discretion in denying Schofield's claim and remanded this case for determination of "the amount of retroactive benefits to be awarded" and for consideration of "whether Schofield is entitled to attorney's fees and prejudgment interest."

1    Schofield misconstrues the scope of the remand, arguing it
2  includes a directive on how her entitlement to benefits under the "any
3  gainful occupation" provision of the LTD Plan.  This provision is
4  applicable after the 24-month period of disability covered by the "Own
5  Occupation" provision.  "[O]n remand a lower court is bound to follow
6  the appellate court's decision as to issues decided explicitly or by
7  necessary implication.  However, the lower court is so bound only as
8  to issues addressed by the appellate court." U.S. v. Garcia-Beltran,
9  443 F.3d 1126, 1129 (9th Cir. 2005).  Since the remand does not direct
10 the district court on how Schofield's request for benefits under the
11 "any gainful occupation" provision of the LTD Plan is to be
12 determined, the district court has discretion concerning the
13 resolution of this issue. U.S. v. Cote, 51 F.3d 178, 181-82 (9th Cir.
14 1995) (stating "because the mandates did not contain an order
15 dismissing the cases or an order directing acquittal, a second trial
16 was not necessarily prohibited").  Since MetLife abused its discretion
17 when denying Schofield's claim under the "Own Occupation" provision,
18 and therefore did not reach the issue of Schofield's entitlement to
19 benefits under the "any gainful occupation" provision, this issue will
20 be remanded to MetLife "for a factual determination under a proper
21 construction of the terms of the plan." Saffle v. Sierra Pac. Power
22 Co. Bargaining Unit Long Term Disability Income Plan, 85 F.3d 455, 461
23 (9th Cir. 1996) ("We now make it explicit, that remand for
24 reevaluation of the merits of a claim is the correct course to follow
25 when an ERISA plan administrator, with discretion to apply a plan, has
26 misconstrued the Plan and applied a wrong standard to a benefits
27 determination.")

28

1    The parties also dispute whether the benefits Schofield

2 received through Social Security Disability Insurance ("SSDI") are to

3 be offset from the retroactive benefits owed to Schofield for the "Own

4 Occupation" disability period.  The Plan provides that a claimant's

5 benefits under the Plan is "reduced by Other Income Benefits" and

6 defines "Other Income Benefits" as including benefits received under

7 "the Federal Social Security Act."  (ADMIN 17.)  Since MetLife has a

8 duty under 29 U.S.C. § 1104(a)(1)(D) to apply the Plan "in accordance

9 with the documents and instruments governing the plan," SSDI benefits

10 Schofield received during the "Own Occupation" disability period shall

11 be offset.

12    The parties also dispute the amount of SSDI benefits

13 Schofield received during the "Own Occupation" disability period.

14 Each party submits an expert's declaration on this issue.  Schofield

15 objects to Defendants' expert's averment that Schofield's SSDI

16 benefits were "$1655.00 per month," arguing Defendants' expert has not

17 shown how he arrived at this amount.  (Suter Decl. ¶ 6.)  Since

18 Defendants' expert does not provide the basis for his conclusion,

19 Schofield's objection is sustained.

20    Schofield's expert also assumes without explanation that

21 Schofield's monthly SSDI benefits payment was $1630 after the first 18

22 months of disability.  (Busco Supp. Decl. ¶ 13.)  However, letters

23 from the Social Security Administration to Schofield, submitted by

24 Schofield's expert, show the following: Schofield was retroactively

25 awarded a total of $23,235 for the first 18 months of disability; then

26 awarded $1722 per month for the next 5 months; and thereafter awarded

27 $1663 per month.  (Busco Decl. Exh. F.)  The amounts shown in the

28

letters from the Social Security Administration will be used to
determine the offset amount.

 The parties also dispute whether prejudgment interest should
be awarded, and if so, what interest rate should be applied.  "[A]
court may award prejudgment interest on an award of ERISA benefits in
its discretion."  Blankenship v. Liberty Life Assurance Co. of Boston,
486 F.3d 620, 627-28 (9th Cir. 2007) (citations omitted).  Prejudgment
interest may be awarded to "compensate a plaintiff for 'the losses
[she] incurred as a result of [the defendant's] nonpayment of
benefits.'"  Id. at 628 (quoting Dishman v. UNUM Life Ins. Co. of Am.,
269 F.3d 974, 988 (9th Cir. 2001)).  Further, "the interest rate
prescribed for post-judgment interest under 28 U.S.C. § 1961 is
appropriate for fixing the rate of pre-judgment interest unless the
. . . judge finds, on substantial evidence, that the equities of [a]
particular case require a different rate."  Grosz-Salomon v. Paul
Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001).

 Here, Schofield declares due to MetLife's denial of her
benefit claims, she became almost destitute for the next three to four
years: she was forced to sell her custom house, her health insurance
with her employer was discontinued, she had to use her credit cards
which charged a high interest rate of 14% or more, she could only
afford to rent rooms in friends' houses, and had to move approximately
seven times during this time period.

 Defendants object to Schofield's declaration, arguing it is
inadmissible because MetLife has discretion to decide Schofield's
entitlement to benefits under the plan and the Court must confine its
review of MetLife's decision to evidence in the administrative record.

However, Defendants do not support their objection with applicable authority.  Therefore, the objection is overruled.

Schofield's declaration shows she is entitled to prejudgment interest as part of her compensation for the losses she suffered as a result of MetLife's denial of her disability benefits.  However, the evidence is insufficient to justify departure from the interest rate prescribed in 28 U.S.C. § 1961.  Section 1961 provides the interest rate is "the weekly average 1-year constant maturity Treasury yield." Therefore, "the interest rate [shall] be determined individually for each disability benefit payment that Schofield was denied, based on the rate at the time that the benefit payment became due." Cherry v. Digital Equipment Corp., No. S-05-2165, 2006 WL 2594465, at *12 (E.D. Cal. Sept. 11, 2006) (internal quotation and citation omitted).

Accordingly, the amount of retroactive benefits owed to Schofield after offsetting Schofield's SSDI benefits, including prejudgment interest, for the "Own Occupation" disability period, is $123,935.60.  The issue concerning Schofield's entitlement to benefits under the "any gainful occupation" provision of the Plan is remanded to MetLife for a benefit determination which shall be made within sixty days of the date on which this Order is filed.

Dated:  February 6, 2009

GARLAND E. BURRELL, JR.
United States District Judge