IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN SCHOFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-00117-GEB-GGH |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        The hearing on the Ninth Circuit's remand order, in which
the Ninth Circuit reversed entry of summary judgment in favor of
Defendants in this Employee Retirement Income Securities Act ("ERISA")
action, was held February 9, 2009.  The Ninth Circuit held Plaintiff
Schofield prevails on her claim for long term disability ("LTD")
benefits under the applicable ERISA plan ("the Plan"), since "the
terms of the plan [required] [Defendant Metropolitan Life Insurance
Co. ("MetLife")] . . . to determine whether Schofield was able to earn
more than 80% of her predisability earnings at her 'Own Occupation.'"

        Schofield's "occupation was acknowledged . . . to be a
Certified Registered Nurse Anesthetist (CRNA)."  Since "[a]n
independent physician hired by MetLife reviewed [Schofield's] records

1

and concluded . . . she could not perform her job as a CRNA," MetLife was required "to follow the Plan definition of 'Own Occupation'" when determining whether Schofield was entitled to LTD benefits.  However, "MetLife failed to follow the Plan definition of 'Own Occupation' when it found the medical records supported the conclusion that Schofield could perform 'more-sedentary nursing duties that fall within the category of her Own Occupation.'"

The terms of the LTD Plan explain "Disabled": "'Disabled' or 'Disability' means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and, (1) during your Elimination Period and the next 24 month period, you are unable to earn more than 80% of your Predisability Earnings or Indexed Predisability Earnings at your Own Occupation for any employer in your Local Economy; or (2) after the 24 month period, you are unable to earn more than 80% of your Indexed Predisability Earnings from any employer in your Local Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education, experience and Predisability Earnings."  The Ninth Circuit held "MetLife incorrectly applied the 80% earnings test," stating, "[t]he Plan's definition of 'disability' required MetLife to determine whether Schofield was able to earn more than 80% of her predisability earnings, and MetLife did not follow this definition."

Therefore, the Ninth Circuit concluded MetLife abused its discretion in denying Schofield's claim and remanded this case for determination of "the amount of retroactive benefits to be awarded" and for consideration of "whether Schofield is entitled to attorney's fees and prejudgment interest."

Schofield misconstrues the scope of the remand, arguing it includes a directive on how her entitlement to benefits under the "any gainful occupation" provision of the LTD Plan is to be determined. This provision is applicable after the 24-month period of disability covered by the "Own Occupation" provision. "[O]n remand a lower court is bound to follow the appellate court's decision as to issues decided explicitly or by necessary implication. However, the lower court is so bound only as to issues addressed by the appellate court." U.S. v. Garcia-Beltran, 443 F.3d 1126, 1129 (9th Cir. 2005). Since the remand does not direct the district court on how Schofield's request for benefits under the "any gainful occupation" provision of the LTD Plan is to be determined, the district court has discretion concerning the resolution of this issue. U.S. v. Cote, 51 F.3d 178, 181-82 (9th Cir. 1995) (stating "because the mandates did not contain an order dismissing the cases or an order directing acquittal, a second trial was not necessarily prohibited"). Since MetLife abused its discretion when denying Schofield's claim under the "Own Occupation" provision, and therefore did not reach the issue of Schofield's entitlement to benefits under the "any gainful occupation" provision, this issue will be remanded to MetLife "for a factual determination under a proper construction of the terms of the plan." Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan, 85 F.3d 455, 461 (9th Cir. 1996) ("We now make it explicit, that remand for reevaluation of the merits of a claim is the correct course to follow when an ERISA plan administrator, with discretion to apply a plan, has misconstrued the Plan and applied a wrong standard to a benefits determination.")

The parties also dispute whether the benefits Schofield received through Social Security Disability Insurance ("SSDI") are to be offset from the retroactive benefits owed to Schofield for the "Own Occupation" disability period.  The Plan provides that a claimant's benefits under the Plan is "reduced by Other Income Benefits" and defines "Other Income Benefits" as including benefits received under "the Federal Social Security Act."  (ADMIN 17.)  Since MetLife has a duty under 29 U.S.C. § 1104(a)(1)(D) to apply the Plan "in accordance with the documents and instruments governing the plan," SSDI benefits Schofield received during the "Own Occupation" disability period shall be offset.

Further, the parties dispute the amount of SSDI benefits Schofield received during the "Own Occupation" disability period.  Each party submits an expert's declaration on this issue.  Schofield objects to Defendants' expert's averment that Schofield's SSDI benefits were "$1655.00 per month," arguing Defendants' expert has not shown how he arrived at this amount.  (Suter Decl. ¶ 6.)  Since Defendants' expert does not provide the basis for his conclusion, Schofield's objection is sustained.

Schofield's expert also assumes without explanation that Schofield's monthly SSDI benefits payment was $1,630 after the first 18 months of disability.  (Busco Supp. Decl. ¶ 13.)  However, letters from the Social Security Administration to Schofield, submitted by Schofield's expert, show the following: Schofield was retroactively awarded a total of $23,235 for the first 18 months of disability; then awarded $1,722 per month for the next 5 months; and thereafter awarded $1,663 per month.  (Busco Decl. Exh. F.)  The amounts shown in the

letters from the Social Security Administration will be used to
determine the offset amount.

The parties also dispute whether prejudgment interest should
be awarded, and if so, what interest rate should be applied.  "A
district court may award prejudgment interest on an award of ERISA
benefits at its discretion."  <u>Blankenship v. Liberty Life Assurance
Co. of Boston</u>, 486 F.3d 620, 627 (9th Cir. 2007).  "Generally, the
interest rate prescribed for post-judgment interest under 28 U.S.C.
§ 1961 is appropriate for fixing the rate of pre-judgment interest
unless the trial judge finds, on substantial evidence, that the
equities of that particular case require a different rate.
Substantial evidence is defined as such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion."
<u>Id.</u> at 628 (citations and quotations omitted).  Prejudgment interest
may be awarded to "compensate a plaintiff for the losses [she]
incurred as a result of [the defendant's] nonpayment of benefits."
<u>Id.</u> (citation and quotation omitted).

Schofield argued at the February 9 remand hearing that a
simple prejudgment interest rate of 10% should be awarded in light of
her declaration, in which she avers due to MetLife's denial of her
benefit claims, she became almost destitute for the next three to four
years: she was forced to sell her custom house, her health insurance
with her employer was discontinued, she had to use her credit cards
which charged a high interest rate of 14% or more, she could only
afford to rent rooms in friends' houses, and had to move approximately
seven times during this time period.

Defendants object to Schofield's declaration, arguing it is
inadmissible because MetLife has discretion to decide Schofield's

entitlement to benefits under the plan and the Court must confine its

review of MetLife's decision to evidence in the administrative record.

However, Defendants do not support their objection with applicable

authority.  Therefore, the objection is overruled.

Schofield's declaration shows she is entitled to prejudgment

interest at a simple rate of 10% as part of her compensation for the

losses she suffered as a result of MetLife's denial of her disability

benefits.

Accordingly, the amount of retroactive benefits owed to

Schofield after offsetting Schofield's SSDI benefits, and awarding her

including prejudgment interest for the "Own Occupation" disability

period, is $181,435.71.  This is based on the following: the parties

agree Schofield's monthly benefits under the Plan before the offset is

$6,581.6; this amount is offset by her monthly State Disability

Insurance benefits of $2,123.33, from September 2001 to March 2002;

this amount is further offset by her SSDI benefits, which is shown by

the Social Security Administration's letters to be $23,235 from

September 2001 to February 2002, and $1,722 per month from March 2002

to July 2002, and thereafter $1,663 per month; prejudgment interest is

calculated at a simple rate of 10%, calculated individually for each

payment, based on the time period between each payment due date and

the date on which this Order is entered.

The issue concerning Schofield's entitlement to benefits

under the "any gainful occupation" provision of the Plan is remanded

to MetLife for a benefit determination which shall be made within

//

//

//

ninety days from the day on which Metlife receives Schofield's written

response to MetLife's request for a completed evaluation form.

Dated:  February 9, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge