IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN SCHOFIELD,                )
                                )
        Plaintiff,               )   2:06-cv-00117-GEB-GGH
                                )
    v.                           )   ORDER*
                                )
METROPOLITAN LIFE INSURANCE      )
COMPANY, et al.,                 )
                                )
        Defendants.              )
_____)

Plaintiff moves for attorney's fees under Section 502(g) of the Employee Retirement Income Security Act ("ERISA"), arguing she is "entitled to a reasonable attorney's fee [since she] succeed[ed] on [a] significant issue in litigation which achieves some of the benefit [she] sought in bringing suit," quoting Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984). Plaintiff prevailed in the Ninth Circuit on the issue that Defendant Metropolitan Life Insurance Co. ("MetLife")] "failed to follow the Plan definition of 'Own Occupation'" when it did not award her benefits under this plan provision. (Dkt. No. 55, Ninth Circuit Remand Order, at 4.) The

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

Ninth Circuit reversed the district court's contrary ruling and remanded the case for the district court to determine the amount of retroactive benefits to which Plaintiff was entitled. After the remand, the issue was briefed and argued at a hearing following which the district court awarded Plaintiff retroactive benefits for the "Own Occupation" period under the plan, and remanded to MetLife Plaintiff's claim for retroactive benefits for the "Any Occupation" period under the plan.

Five factors are considered when assessing whether to award attorney's fees in ERISA cases:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties positions.

Smith, 746 F.2d at 589-90 (citing Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980)).

Here, the first factor weighs in favor of awarding attorney's fees since the Ninth Circuit found MetLife abused its discretion when it erroneously applied the terms of the plan to Plaintiff's claim. See Fontana v. Guardian Life Ins., No. C 08-01231, 2009 WL 585811, at *1 (N.D. Cal. Mar. 4, 2009) (stating "while the Court does not find that defendant acted in bad faith, defendant's abuse of discretion was apparent" and thus this factor weighs in favor of awarding fees).

MetLife concedes the second factor weighs in favor of awarding attorney's fees since it is able to satisfy a fee award.

2

(Opp'n at 9:25.) The third factor also weighs in favor of awarding fees since "a fee award would likely deter defendant and other disability benefit plan administrators from misinterpreting policy language or eligibility, or would at least make them more careful in their interpretation and application in disability benefits cases." Lowe v. Unum Life Ins. Co. of Am., No. CIV. S-05-00368, 2007 WL 4374020, at *2 (E.D. Cal. Dec. 14, 2007) (citation omitted)). The fourth factor also weighs in favor of awarding fees since even though "[P]laintiff's motivation in bringing [this action] was rooted in her desire to recover her own benefits, others subject to . . . denials similar to the one at issue in this case will likely benefit" from a favorable decision for Plaintiff because the decision perhaps provides employers with an incentive to carefully read each plan provision. Lowe, 2007 WL 4374020, at *2. Finally, the fifth factor weighs in favor of awarding fees since Plaintiff received retroactive benefits for the "Own Occupation" period. Smith, 746 F.2d at 591 (stating the plaintiff "received a portion of what he brought suit to recover, and so crossed the 'statutory threshold' entitling him to recover fees from the defendant" (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983))). Since all factors favor Plaintiff, she is entitled to an award of reasonable attorney's fees.

"[T]he proper method for determining the amount of attorney's fees in ERISA actions" in the Ninth Circuit is "the hybrid lodestar/multiplier approach." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.2000).

> [This] approach has two parts. First, a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.

3

> A district court should exclude from the lodestar
> amount hours that are not reasonably expended
> because they are "excessive, redundant, or
> otherwise unnecessary."
>
> Second, a court may adjust the lodestar upward or
> downward using a "multiplier" based on factors not
> subsumed in the initial calculation of the
> lodestar. The lodestar amount is presumptively
> the reasonable fee amount, and thus a multiplier
> may be used to adjust the lodestar amount upward
> or downward only in "rare" and "exceptional"
> cases, supported by both "specific evidence" on
> the record and detailed findings by the lower
> courts that the lodestar amount is unreasonably
> low or unreasonably high.

Id. (internal quotations and citations omitted).

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008) (quotation and citation omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Id.

> [T]he burden is on the fee applicant to produce
> satisfactory evidence - in addition to the
> attorney's own affidavits - that the requested
> rates are in line with those prevailing in the
> community for similar services by lawyers of
> reasonably comparable skill, experience and
> reputation. . . . [A]ffidavits of the plaintiffs'
> attorney[s] and other attorneys regarding
> prevailing fees in the community, and rate
> determinations in other cases . . . are
> satisfactory evidence of the prevailing market
> rate.

Id. at 980 (internal quotations and citations omitted).

Plaintiff argues $450 is a reasonable hourly rate for her lead counsel Abraham Goldman, who has 31 years of experience in civil litigation. Plaintiff relies on the declarations of Charles J. Fleishman, Robert B. Nichols, and Glenn R. Kantor, who are attorneys

4

practicing in ERISA matters in California districts other than the Eastern District. Fleishman has 39 years of experience, Nichols has 36 years of experience, Kantor has 20 years of experience; each avers that he charges $500 per hour. Defendants counter the declarations of Fleishman, Nichols, and Kantor do not serve as evidence of the prevailing market rate in the relevant community because none of them practice in the Eastern District of California.

Plaintiff rejoins "it is appropriate to consider [the rates of] other jurisdictions because ERISA cases involve a national standard, and attorneys practicing ERISA law in the Ninth Circuit tend to practice in different districts," quoting McAfee v. Metropolitan Life Ins. Co., No. CIV. 05-00227, 2008 WL 5214643, at *17 (E.D. Cal. Dec. 12, 2008) (quoting Mogck v. Unum Life Ins. Co. of Am., 289 F. Supp. 2d 1181, 1191 (S.D. Cal. 2003)). Plaintiff cites the declarations of Nichols and Fleishman, in which each declarant avers "based on [his] own experience, working with other ERISA claimant's lawyers throughout California, and keeping current with ERISA fee decisions in all of the California federal district Courts, [he has] observed that there is a uniform 'market rate' for ERISA claimant's lawyers throughout all the federal districts in the state." (Nichols Decl. ¶ 13; Fleishman Decl. ¶ 7.) However, Nichols only provides a table of the rates charged by attorneys in the Central and Northern Districts of California and has not provided a sufficient basis for his opinion of the prevailing market rate in the Eastern District. Similarly, Fleishman does not provide a sufficient basis for his opinion of the prevailing market rate in the Eastern District.

Plaintiff also relies on rate determinations in recent Eastern District of California ERISA cases. Plaintiff cites McAfee v.

5

Metropolitan Life Ins. Co., No. CIV. 05-00227, 2008 WL 5214643, at *18 (E.D. Cal. Dec. 12, 2008), in which the court approved an hourly rate of $400 for the plaintiff's counsel who had over thirty years of experience in civil litigation. Plaintiff also cites Kniespeck v. Unum Life Ins. Co. of Am., No. 01-0878, 2007 WL 496346, at *8 (E.D. Cal. Feb. 13, 2007), in which the court approved an hourly rate of $350 for the plaintiff's counsel who had over thirty years of experience in civil litigation. In addition, in Aguilar v. Melkonian Enters., Inc., No. 05-32, 2007 WL 201180, at *8 (E.D. Cal. Jan. 24, 2007), the court approved an hourly rate of $495 for the plaintiff's lead counsel in an ERISA class action. In light of rate determinations in other cases in this district, and since Defendants "provide[] no affidavits or persuasive legal authority that suggests [P]laintiff's requested rate is unreasonable," Kniespeck, 2007 WL 496346, at *8, Plaintiff has shown $450 is a reasonable hourly rate for Goldman.

      Plaintiff also argues the following hourly rates are reasonable: $275 for associate counsel David Springfield, $125 for paralegals Pamela Lee and Barbara Coney, and $75 for legal assistant Anthony Scelfo. Defendants do not oppose the rates for Springfield, Lee, and Coney but contend the rate for Scelfo should be $40. However, Defendants have not submitted any evidence in support of their contention. The rates Plaintiff requests are reasonable in light of "rate determinations in other cases" in this district. Camacho, 523 F.3d at 980. See, e.g., McAfee, 2008 WL 5214643, at *18 (approving hourly rate of $110 for legal assistant); Kniespeck, 2007 WL 496346, at *8 (approving hourly rate of $100 for legal assistant); Aguilar, 2007 WL 201180, at *8 (approving hourly rates of $295 for

associate counsel and $150 for a paralegal). Therefore, Plaintiff has shown these rates are reasonable.

Plaintiff also submits time records showing the number of hours worked by Goldman, Springfield, Coney, Lee, and Scelfo. Defendants rejoin the hours should be reduced because excessive intra-office meetings are included, since 32.65 hours of the 534.45 total hours claimed relate to intra-office meetings. Defendants rely on Welch v. Metropolitan Life Ins. Co., 480 F.3d 942 (9th Cir. 2007), in which the Ninth Circuit upheld the district court's reduction of hours billed for intra-office conferences since the plaintiff failed to provide a "persuasive justification for the intra-office meetings." See also Toven v. Metropolitan Life Ins. Co., No. CV 06-07260, 2009 WL 578538, at *3 (C.D. Cal. 2009) (reducing hours billed by 4% for excessive intra-office meetings, where 20.4 hours of the 305 hours claimed were related to intra-office meetings); Shephard v. Dorsa, No. CV 95-8748, 1998 WL 1799018, at *2 (C.D. Cal. July 2, 1998) (reducing hours billed by 5% for excessive intra-office meetings). Since Plaintiff has not provided persuasive justification for the intra-office meetings, the number of hours billed shall be reduced to reflect the excessive intra-office meetings. Since the percentage of time spent on intra-office meetings in this case is similar to that in Toven, the number of hours billed by Goldman, Springfield, Coney, Lee, and Scelfo shall each be reduced by 4%.

Defendants also argue the time Goldman spent on Plaintiff's summary judgment motion was excessive but does not adequately support this contention. Goldman's time records show detailed entries on the time he spent on the motion. Accordingly, Defendants have not shown these billing entries were excessive.

1 | Defendants also argue the time spent on Plaintiff's motion for order to show cause why Defendants should not be held in contempt for failure to pay the amount ordered by the Court's February 11, 2009 Order should be deducted since the amount was paid by Defendants on March 4, 2009. Goldman's time entry merely states the motion was prepared due to "MetLife's broken promises and failure to pay award." The motion was withdrawn by Plaintiff on March 6, 2009. Plaintiff has not shown the time spent preparing this motion was necessary. Accordingly, the 5.9 hours billed for preparing this motion shall be deducted from Goldman's time.

Defendants also argue the time spent by Scelfo and Coney for "finding local computer facilities capable of uploading plaintiff's summary judgment motion" should be reduced. Scelfo billed 2.9 hours, and Coney billed 3.0 hours for this task. Since these entries are duplicative, 2.9 hours shall be deducted from Scelfo's time.

Defendants also argue the time Scelfo spent on making working copies of briefs for Goldman and Springfield is excessive. However, Scelfo's time records show detailed entries regarding the time spent on making copies of each brief, and Defendants have not shown this constitutes excessive billing.

Defendants also argue the lodestar fee amount should be reduced by a multiplier since Goldman's time entries are suspicious; specifically, Defendants point to seven entries in Goldman's time records that bill time for "meetings with Goldman." Plaintiff concedes this is an error in Goldman's time records. (Reply at 20:12-14.) However, since these seven entries only constitute 1.7 hours of 340.80 hours billed by Goldman, Defendants have not shown the lodestar

amount should be reduced by a multiplier; rather, 1.7 hours shall be deducted from Goldman's time.

Defendants also argues the lodestar amount should be reduced by a multiplier since Plaintiff only achieved partial success in the litigation; specifically Plaintiff's claim for retroactive benefits for the "Any Occupation" period was not granted as Plaintiff requested, but was instead remanded to MetLife. (Dkt. No. 88, Order, at 3:18-21.) Defendants rely on Hensley v. Eckerhart, 461 U.S. 424, 440 (1983), in which the Supreme Court stated "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."

Plaintiff counters her counsel is entitled to recover the full lodestar fee amount since she "has obtained excellent results" in this action. Hensley, 461 U.S. at 435. "In determining the extent of [P]laintiff's success, it is not 'necessarily significant that [she] did not receive all the relief requested.'" Caplan v. CNA Financial Corp., 573 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008) (quoting Hensley, 461 U.S. at 435 n.11).

Accordingly, the reasonable number of hours billed are as follows: 319.57 hours for Goldman, 54.10 hours for Springfield, 44.11 hours for Coney, 31.44 hours for Lee, and 56.26 hours for Scelfo. Therefore, Plaintiff is entitled to attorney's fees in the amount of $172,347.25.

Dated: April 16, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge